

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

December 15, 2000

The Honorable William M. Jennings
Gregg County Criminal District Attorney
101 East Methvin Street, Suite 333
Longview, Texas 75601

Opinion No. JC-0314

Re: Whether and the extent to which a board of district judges may be involved in the hiring of employees of a community supervision and corrections department (RQ-0232-JC)

Dear Mr. Jennings:

The director of a community supervision and corrections department is responsible to "employ a sufficient number of officers and other employees" to perform the work of the department. TEX. GOV'T CODE ANN. § 76.004(b) (Vernon 1998). A prior opinion of this office, Attorney General Opinion DM-208, concludes it is the department director, and not the district judges who participate in the management of the department, who ultimately selects necessary personnel for the department. *See* Tex. Att'y Gen. Op. No. DM-208 (1993) at 5. You ask us to clarify the extent to which district judges may involve themselves in the hiring process of department personnel other than the department director.[1] We conclude that it is the judges, not the director, who are ultimately responsible to appoint department personnel. We overrule Attorney General Opinion DM-208.

You state that the judges in your county have, on two occasions, "involved themselves in the hiring process for positions underneath the" community supervision and corrections department director. Request Letter, note 1, at 1. You have advised the judges that they may "participate" in the hiring process, but, in accordance with Attorney General Opinion DM-208, the ultimate hiring authority "belongs to the department director."[2] Thus, you believe the director of the department may hire the employee of his choice for a particular position. *See* Dexter Letter, note 2, at 1. Concomitantly, you believe the judges have no power to approve or disapprove the director's hiring decision. *See id.* You ask whether your understanding of the division of authority between the judges and the department director comports with the law. *See* Request Letter, note 1, at 1.

---

[1]Letter from Honorable William M. Jennings, Gregg County Criminal District Attorney, to Rebecca Payne, Open Records Division Chief, Office of the Attorney General (May 17, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Letter from Honorable William M. Jennings, Gregg County Criminal District Attorney, to Bill Dexter, Personnel Director, Gregg County Courthouse (May 17, 2000) (on file with Opinion Committee) [hereinafter Dexter Letter].

A community supervision and corrections department is established in each judicial district by the district judge or judges trying cases in the district. *See* TEX. GOV'T CODE ANN. § 76.002(a)(1) (Vernon 1998). The judges shall "employ district personnel as necessary to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, enforce the conditions of community supervision, and staff community corrections facilities." *Id.* § 76.002(a)(2). Additionally, "[t]he district judges trying criminal cases and judges of statutory county courts trying criminal cases that are served by a community supervision and corrections department are entitled to participate in the" department's management. *Id.* § 76.002(b). The district judges must appoint a department director, *see id.* § 76.004(a), and the director "shall employ a sufficient number of officers and other employees to perform the [department's] professional and clerical work," *id.* § 76.004(b).

The statute is not facially clear as to how the appointment and employment duties are to be divided between the judges and the department director. Section 76.002 states that it is the judges who shall employ district personnel to conduct presentence investigations; supervise and rehabilitate defendants placed on community supervision; enforce community supervision conditions; and staff community corrections facilities. *See id.* § 76.002(a)(2). On the other hand, section 76.004 states that it is the department director, appointed by the district judges, who "shall employ . . . officers and other employees to perform the [department's] professional and clerical work." *Id.* § 76.004(b).

We can conceive of two possible constructions of sections 76.002 and 76.004. The district judges may appoint the director, and the director appoints additional officers and employees. Under this construction, the judges' responsibility to "employ" is simply the responsibility to compensate. In the alternative, the judges' statutory authority to employ and to participate in the management of the district provides them with final authority to appoint or to approve all employees and appointees. The amount of preliminary authority delegated to the director is to be decided by the judges.

This office adopted the first construction in Attorney General Opinion DM-208, which concludes that district judges have no power to approve the department director's employment selections. *See* Tex. Att'y Gen. Op. No. DM-208 (1993) at 5. Thus, "employ" in section 76.002 of the Government Code, which defines the judicial power vis-à-vis a community supervision and corrections department, refers to the district's responsibility to compensate department officers and employees, while "employ" in section 76.004, which requires the department director to "employ a sufficient number of officers and employees" to staff the department, authorizes the department director to hire the necessary personnel. *See id.* The opinion suggests in a footnote that the district judges have authority to approve the number of employees the director may hire. *See id.* at 5 n.2; *see also* Tex. Att'y Gen. Op. No. JM-1185 (1990) at 2 ("The judge or judges appoint a department director, who employs other persons to do the work of the department.").

The conclusion of Attorney General Opinion DM-208 devolves upon the director merely an illusory power. According to Attorney General Opinion DM-208, it is the department director, and not the judges, who selects department employees. *See* TEX. GOV'T CODE ANN. § 76.004(b) (Vernon

1998). But although the judges have no power to approve a director's hiring decisions, the judges have implied power to remove the department director. *See id.* § 76.004(a) (requiring district judges to appoint department director). The judges also have the right to participate in the department's management. *See id.* § 76.002(b) (authorizing district judges trying criminal cases and judges of statutory county courts trying criminal cases to "participate in the management of the department"). Under such a system, it is not really the director who selects officers and employees because the director may easily be terminated for making the "wrong" choice. And the judges' authority to manage the department must include the authority to approve or disapprove the director's employment choices.

The alternative interpretation is also problematic. The statute directs the department director to "employ" necessary personnel. Moreover, the alternative is difficult to reconcile with the legislative history of sections 76.002 and 76.004 of the Government Code. The substance of both sections, prior to 1989, was located in article 42.12, section 10 of the Code of Criminal Procedure. *See* Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen. Laws 3471, 3519. At that time, article 42.12, section 10(a) of the Code of Criminal Procedure required district judges to establish a probation office and to employ district personnel. *See id.* Section 10(b) authorized the judges to appoint a chief adult probation officer who, "with [the judges'] approval, shall appoint a sufficient number of assistants and other employees to carry on the professional, clerical, and other work of the court." *Id.* In 1989 the legislature repealed article 42.12, section 10 and replaced it with a new statute, article 42.131 of the Code of Criminal Procedure. *See id.* §§ 3.02, 4.17, 1989 Tex. Gen. Laws 3471, 3483-86, 3519. While the 1989 enactment did not change the judges' power to "appoint a department director" and to "employ district personnel," it altered the director's authority to employ officers and other district employees. *See id.* § 3.02, art. 42.131, secs. 2(a), 4, 1989 Tex. Gen. Laws 3471, 3483, 3485. In particular, when the 1989 enactment became effective, the law no longer required that the director's appointments receive the judges' approval. *See id.* § 3.02, art. 42.131, sec. 4, 1989 Tex. Gen. Laws 3471, 3485 ("The department director shall employ a sufficient number of officers and other employees to perform the professional and clerical work of the department."). In 1995 the legislature transferred the substance of article 42.131 to chapter 76 of the Government Code. *See* Act of Apr. 25, 1995, 74th Leg., R.S., ch. 76, § 7.11, 1995 Tex. Gen. Laws 458, 580-84; *see also id.* § 7.12, 1995 Tex. Gen. Laws 458, 584 (repealing article 42.131, Code of Criminal Procedure). While the legislative history does not reveal legislators' reasons for deleting the requirement that the director's employment of other personnel receive the judges' approval, the change must have some purpose. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon Supp. 1998) (interpreter of statute must presume effectiveness of legislative acts).

Although neither interpretation is perfect, we believe the interpretation adopted in Attorney General Opinion DM-208 is unworkable because of the illusory authority it provides the director. That opinion, for example, considers specifically whether the director of a community supervision and corrections department may hire the nephew of one of the district judges who is "entitled to participate" in the department's management. Tex. Att'y Gen. Op. No. DM-208 (1993) at 1, 3; *see also* TEX. GOV'T CODE ANN. § 76.002(b) (Vernon 1998). Based on the conclusion that the judges lack authority to approve the director's hiring choices, the opinion determines that the proposed

hiring is not nepotistic and does not violate chapter 573 of the Government Code. *See* Tex. Att'y Gen. Op. No. DM-208 (1993) at 5; *see also* TEX. GOV'T CODE ANN. ch. 573 (Vernon 1994 & Supp. 2000) (nepotism prohibitions). In reality, though, if the judges are unhappy with the director's decision not to hire (or to hire) the nephew, they could fire the director, and thereby contravene the spirit, if not the letter, of the anti-nepotism statute. We therefore overrule Attorney General Opinion DM-208.

We conclude instead that the judges have authority to finally approve the director's choices. In our opinion, the legislature in 1989 may have deleted the phrase "with [the judges'] approval" simply because legislators viewed the explicit approval requirement redundant of the judges' authority to employ and to participate in the department's management. *See* TEX. GOV'T CODE ANN. §§ 76.002(a)(2), (b); 76.004(b) (Vernon 1998). Accordingly, contrary to Attorney General Opinion DM-208, a community supervision and corrections department may not hire the close relative of one of the judges. Whether the judges limit their role to the approval authority or take a more extensive role is a matter for the judges to decide.

### S U M M A R Y

The district judges who are entitled to participate in the management of a community supervision and corrections department are authorized to finally approve all appointments made by the department director. Attorney General Opinion DM-208 (1993) is overruled.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee